TOWN OF WARWICK vs. JOSEPH BARBER.*

JUNE 8, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Town Council. Salaries Limited by Vote of Financial Town Meeting.*

Defendants were elected as a town council, and at a financial town meeting subsequent to their qualification it was voted "that the annual salary of each member of the town council shall be fifty dollars, which sum shall be his full compensation for all services performed by him as a member of the town council, or on any committee thereof, or for any services performed by him for the town in any capacity during the term for which he is elected."

*Held*, that following *Quinn* v. *Barber*, 31 R. I. 538, the vote constituted a limitation upon any appropriation for the payment of the salaries during the year and the town treasurer could not exceed such limitation, and the town was entitled to recover any excess of such salary paid to the members.

ASSUMPSIT.    Heard on exceptions of defendants and over-ruled.

BLODGETT, J.    These are seven actions of assumpsit against the seven members of the town council of Warwick for the year 1908–9, which are tried together by consent of parties and in each of which it is sought to recover the sum of $150 with interest which sum it is claimed was illegally paid to each of said defendants in excess of his lawful salary for said year.    In the Superior Court jury trial was waived and after decision by the trial justice in favor of the plaintiff in each case, the defendants have excepted to said decision in each case, and, inasmuch as the same questions arise in each case, they have been argued together before this court.

The testimony shows that the defendants Barber, Holden, Lemoine, Long, Place, Smith and Taber were severally elected as members of said town council on November 3, 1908, and severally qualified November 9, 1908.    It is also undisputed that at an adjourned financial town meeting of said town, held on December 18, 1908, the following vote was passed:    "Voted:

---

* Six other actions were tried with this against defendants, George J. Holden, Louis Lemoine, Samuel H. Long, Adelbert E. Place, William M. Smith, Amasa P. Taber.

—That the annual salary of each member of the Town Council shall be fifty dollars, which sum shall be his full compensation for all services performed by him as a member of the Town Council, or on any committee thereof, or for any services performed by him for the Town in any capacity during the term for which he is elected.

"No member of the Town Council shall have any pecuniary interest, directly or indirectly, in any contract entered into by the Town Council, or by the Town through any of its agents, while he is a member of the Council.

"Any contract entered into in violation of the provisions of this vote shall be void; and the town treasurer shall make no payments thereon, and no councilman, during his term of service as such councilman, shall be employed by any other department of this town, or receive any emolument other than the salary provided in this resolution."

The testimony of the town treasurer, Herbert W. Barber, as to the payments for salary to said defendants for said year is as follows: "I see, yes, sir. February 8th, 1909, fifty dollars, to seven members. May 10th, 1909, fifty dollars to seven members. August 10th, 1909, fifty dollars to seven members. October 25th, 1909, fifty dollars to seven members." He apparently justifies his action by reference to the provision of a vote passed at the annual financial meeting the previous year, viz., on November 19, 1907, and which is as follows: "The annual salary of the Town Councilmen is hereby fixed at $200.00 per annum, which sum shall be in full for all services as councilmen, or as councilmanic committees and said councilmen are hereby prohibited from drawing any money, directly or indirectly, from this Town for any services, teams, or material furnished, or performed in connection with the highway work of the Town; and the treasurer is hereby enjoined from making any such payments."

(1)    This court in *Quinn* v. *Barber*, 31 R. I. 538, at p. 544, in referring to the vote passed on December 18, 1908, decided as follows: "In our opinion, however, the vote above quoted fixing the amount of compensation to be paid to each member

of the town council for his services during the year for which he was elected, constitutes a limitation upon any appropriation for the payment of the salaries of Town Officers during said year.   The intention of the financial town meeting to limit the amount that should be paid to any member of the town council is clear, and the payment to any member of any sum in excess thereof is what is sought by the bill to be enjoined.   The appropriation for payment for the services of each member of the town council being thus limited, the town treasurer can not exceed such limitation."

This is decisive of the case at bar and the defendants' said exceptions are severally overruled and the cases are severally remitted to the Superior Court for the County of Kent with direction to enter judgment for the plaintiff in each case upon the decision heretofore rendered.

*Quinn & Kernan, Joseph McDonald,* for plaintiff.
*John F. Murphy, Samuel W. K. Allen,* for defendant.